**TIMOTHY J. RACICOT**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone:**   **(406) 542-8851**
**FAX:**   **(406) 542-1476**
**E-mail:**   **Tim.Racicot2@usdoj.gov**
           **Ryan.Weldon@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 20-32-M-DWM** |
| Plaintiff, | **RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | |
| **MATTHEW ANTHONY MARSHALL,** | |
| Defendant. | |

The United States of America, by and through Timothy J. Racicot and Ryan G. Weldon, Assistant U.S. Attorneys for the District of Montana, hereby responds to Matthew Anthony Marshall's sentencing memorandum. Doc. 189.

1

The government does not intend to respond further to Marshall's objections since the parties' positions concerning the calculation of the guidelines were outlined thoroughly in their comments to the draft PSR and their opening sentencing memoranda. Docs. 188 and 189. There is one issue, however, that relates to the accurate calculation of the advisory guideline range that the government failed to recognize until now.

In the calculation of the adjusted offense level for Group 1, counts I and VII, one additional level should be added based on the money laundering conviction under USSG §2S1.1(b)(2)(A). That one level applies regardless of how the Court rules on the parties' objections to the various enhancements under Chapters 2 and 3. In order to assist the parties, the probation office, and the Court in calculating the correct advisory guidelines, the government has outlined below the ranges that could apply in this case based on the final PSR and both parties' objections. Option 1 is the range requested by the United States, which includes the money laundering enhancement and abuse of trust. Option 2 is the range contained in the final PSR, with the inclusion of the money laundering enhancement. And Option 3 is Marshall's requested range, with the money laundering enhancement included but without enhancements for abuse of trust, sophisticated means, and acting on behalf of a government agency.

# OPTION 1
## (GOVERNMENT'S REQUESTED RANGE)

- **Count Group 1: Wire Fraud and Money Laundering, Counts I and VII**

| | |
|---|---|
| Base Offense Level (2B1.1(a)(1)): | 7 |
| Specific Offense Characteristic (2B1.1(b)(1)(I)): | +16 |
| Specific Offense Characteristic (2B1.1(b)(9)): | +2 |
| Specific Offense Characteristic (2B1.1(b)(10)): | +2 |
| Specific Offense Characteristic (2S1.1(b)(2)(A)): | +1 |
| Role in the Offense (3B1.3): | +2 |
| Adjusted Offense Level (subtotal): | 30 |

- **Count Group 2: Tax Evasion, Count VIII**

| | |
|---|---|
| Base Offense Level (2T1.1(a)(1)): | 20 |
| Specific Offense Characteristic (2T1.1(b)(1)): | +2 |
| Adjusted Offense Level (subtotal): | 22 |

- Greater Adjusted Offense Level:   30
- Grouping Increase (3D1.4):   +1
- Combined Adjusted Offense Level:   31
- Acceptance of Responsibility/Timely Notice of Plea:   -3
- Total Offense Level:   28

- **Advisory Guideline Range:   78-97 months**

## OPTION 2
## (PROBATION'S RECOMMENDED RANGE)[1]

- **Count Group 1: Wire Fraud and Money Laundering, Counts I and VII**

| | |
|---|---|
| Base Offense Level (2B1.1(a)(1)): | 7 |
| Specific Offense Characteristic (2B1.1(b)(1)(I)): | +16 |
| Specific Offense Characteristic (2B1.1(b)(9)): | +2 |
| Specific Offense Characteristic (2B1.1(b)(10)): | +2 |
| Specific Offense Characteristic (2S1.1(b)(2)(A)): | +1 |
| Adjusted Offense Level (subtotal): | 28 |

- **Count Group 2: Tax Evasion, Count VIII**

| | |
|---|---|
| Base Offense Level (2T1.1(a)(1)): | 20 |
| Specific Offense Characteristic (2T1.1(b)(1)): | +2 |
| Adjusted Offense Level (subtotal): | 22 |

- Greater Adjusted Offense Level:   28
- Grouping Increase (3D1.4):   +1
- Combined Adjusted Offense Level:   29
- Acceptance of Responsibility/Timely Notice of Plea:   -3
- Total Offense Level:   26

- **Advisory Guideline Range:   63-78 months**

---

[1] This range is based on the calculation currently contained in the final PSR with the addition of the one-level increase for money laundering under USSG §2S1.1(b)(2)(A).

# OPTION 3
## (MARSHALL'S REQUESTED RANGE)[2]

- **Count Group 1: Wire Fraud and Money Laundering, Counts I and VII**

| | |
|---|---|
| Base Offense Level (2B1.1(a)(1)): | 7 |
| Specific Offense Characteristic (2B1.1(b)(1)(I)): | +16 |
| Specific Offense Characteristic (2S1.1(b)(2)(A)): | +1 |
| Adjusted Offense Level (subtotal): | 24 |

- **Count Group 2: Tax Evasion, Count VIII**

| | |
|---|---|
| Base Offense Level (2T1.1(a)(1)): | 20 |
| Specific Offense Characteristic (2T1.1(b)(1)): | +2 |
| Adjusted Offense Level (subtotal): | 22 |

- Greater Adjusted Offense Level:   24
- Grouping Increase (3D1.4):   +2[3]
- Combined Adjusted Offense Level:   26
- Acceptance of Responsibility/Timely Notice of Plea:   -3
- Total Offense Level:   23

- **Advisory Guideline Range:   46-57 months**

---

[2] This range is based on the calculation currently requested by Marshall in his sentencing memorandum with the addition of the one-level increase for money laundering under USSG §2S1.1(b)(2)(A).   Doc. 189.

[3] Two levels are added under §3D1.4 for Option 3 because the total adjusted offense levels for the two groups are within four levels (24 and 22), which means two units apply as opposed to the 1.5 units that apply under Options 1 and 2.

## CONCLUSION

For the reasons outlined above and in the government's sentencing memorandum, Document 188, the United States recommends a sentence of imprisonment at the high end of the advisory range, followed by three years of supervised release.   The government also recommends restitution in the amount of $3,254,327, and special assessments of $300.

DATED this 28th day of February, 2022.

                                                LEIF M. JOHNSON
                                              United States Attorney

                                              */s/ Timothy J. Racicot*
                                              Assistant U.S. Attorney
                                              Attorney for Plaintiff

                                              */s/ Ryan G. Weldon*
                                              Assistant U.S. Attorney
                                              Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response contains approximately 610 words, excluding the caption, certificate of compliance, and certificate of service.

                                          LEIF M. JOHNSON
                                          United States Attorney

                                          */s/ Timothy J. Racicot*
                                          Assistant U.S. Attorney
                                          Attorney for Plaintiff

                                          */s/ Ryan G. Weldon*
                                          Assistant U.S. Attorney
                                          Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, a copy of the foregoing document was served on the following persons by the following means:

    (1,2)  CM/ECF
    ( )    Hand Delivery
    ( )    U.S. Mail
    ( )    Overnight Delivery Service
    ( )    Fax
    ( )    E-Mail

1. Clerk, U.S. District Court

2. Justin K. Gelfand
   7700 Bonhomme Ave., Ste. 750
   St. Louis, MO 63105
   (314) 390-0234
   justin@margulisgelfand.com

*/s/ Timothy J. Racicot*
Assistant U.S. Attorney
Attorney for Plaintiff

*/s/ Ryan G. Weldon*
Assistant U.S. Attorney
Attorney for Plaintiff