IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | |
| )  | |
| Plaintiff,  )  | |
| )  | |
| v.  )  | Case No. 9:20-CR-00032-DWM |
| )  | |
| MATTHEW MARSHALL,  )  | |
| )  | |
| Defendant.  )  | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
SENTENCING MEMORANDUM RESPONSE**

Defendant Matthew Marshall ("Marshall"), by and through undersigned counsel, hereby submits this response to the Government's filing on February 28, 2022 in which the Government seeks an additional Guidelines enhancement under USSG § 2S1.1(b)(2)(A). (*See* Doc. 192).

*First*, the Government's eleventh-hour objection to the Guidelines computations contained within the PSR is untimely. *Second*, the Government is incorrect in its legal analysis and the Guideline does not apply. As such and to the extent necessary, Marshall formally objects to the application of USSG § 2S1.1(b)(2)(A). The total offense level should be 22 and the advisory Sentencing Guidelines range should be 41 to 51 months.

**A. The Government's Objection to the PSR is Untimely**

As a threshold matter, the Government's objection to the Guidelines computations contained within the PSR is untimely—and this is a Guideline issue, rendering the timeliness of objections all the more important to give the Probation Office, the parties, and the Court adequate time to address the legal analysis. *See, e.g., United States v. Michalek*, 819 F.Supp. 250, 260 (W.D. NY 1993) (*affirmed* 9 F.3d 1536 (2d Cir. 1993)) ("The Local Guidelines establish a time frame for the exercise of the due process rights recognized in Rule 32(c)(3). To find, as defendant suggests,

that failure to comply with the Local Guidelines cannot result in waiver of these rights, would render the Local Guidelines ineffective; enforcement impossible; and non-compliance meaningless."). The Government raises this possible Guideline enhancement for the first time four days before sentencing.

The draft PSR was issued on January 13, 2022. Objections, by both parties, were due to the Probation Office no later than January 28, 2022 in the absence of an extension. The Government lodged 16 objections, including objections based on the Guidelines calculations, on January 14, 2022. No objection was made regarding the application of USSG § 2S1.1(b)(2)(A).

On February 11, 2022, the final PSR was issued by the Probation Office. On February 25, 2022, the Government filed its Sentencing Memorandum in this case. (Doc. 188). Again, no mention was made regarding the application of USSG § 2S1.1(b)(2)(A).

Instead, on February 28, 2022, in what the Government characterized as a "response" to Marshall's Sentencing Memorandum which was filed on February 25, 2022 (Doc. 189), the Government now raises an issue regarding the application of USSG § 2S1.1(b)(2)(A) that was in no way raised in Marshall's Sentencing Memorandum. As such, this Court should deny the Government's new assertion that USSG § 2S1.1(b)(2)(A) should apply as untimely.

**B.  On the Merits, the Government's Proposed Enhancement Does Not Apply**

If this Court accepts the untimely objection and reaches the merits of the Government's belated objection to the Guidelines computation in the PSR, USSG § 2S1.1(b)(2)(A) does not apply under the plain language of the Guidelines and pursuant to Ninth Circuit precedent.

The Probation Office, in both the draft and final PSR, correctly found that, because of offense grouping, USSG § 2B1.1 is the applicable Guideline section for calculating Marshall's sentence. As such, the PSR determined a base offense level and applied, subject to Marshall's

objections, specific offense characteristics under that Guideline section. As the Introductory Comment to Chapter Two of the USSG states: "Each offense has a corresponding base offense level and may have one or more specific offense characteristics." USSG Ch. 2, Introductory Comment.

Nowhere in the Guidelines does it say, as the Government now advocates, that specific offense characteristics from Guidelines sections other than the one being used for the base offense calculation somehow apply—and binding precedent dictates otherwise. Specifically, the Ninth Circuit has said the proper way to determine a final offense level is: "After determining the base offense level, the next step under the Guidelines is to apply any appropriate specific offense characteristics . . . *contained in the particular guideline* in Chapter Two in the order listed." *United States v. Ellis*, 641 F.3d 411, 415-16 (9th Cir. 2011) (emphasis added). The Ninth Circuit has also quoted the instructions for the Guidelines on this issue, stating: "Section 1B1.3(a)(4) directs the district court to determine the specific offense characteristics applicable to a defendant by looking to "any other information *specified in the applicable guideline*." *United States v. Covarrubias-Munoz*, 942 F.2d 794 (9th Cir. 1991) (unpublished) (emphasis added). Thus, because Section 2B1.1 governs the applicable analysis, applying a specific offense characteristic in Section 2S1.1 is necessarily improper as a matter of law.

To be clear, despite its 6-page pleading, the Government cites no instruction, application note, or case that would make applying a specific offense characteristic contained in §2S1.1 applicable to a Guidelines calculation properly completed under § 2B1.1.

    **C.**    **Conclusion**

This Court should reject the Government's proposed one-level enhancement for two reasons: because it is not a "response" to Marshall's sentencing memorandum but is rather an

untimely objection to an important legal issue that impacts the advisory Guidelines computation *and* because USSG § 2S1.1(b)(2)(A) does not apply to a Guidelines computation calculated under Section 2B1.1 of the Guidelines.

As such, the appropriate Guidelines calculation should be a final offense level of 22 and the advisory Sentencing Guidelines range should be 41 to 51 months.

Respectfully submitted,

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, #62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted *pro hac vice*

**Certificate of Compliance**

Pursuant to Local Rule, this certifies that the body of the attached filing contains 851 words, excluding the caption and certificate of compliance.

          **Margulis Gelfand, LLC**

          */s/ Justin K. Gelfand*
          JUSTIN K. GELFAND, #62265*
          7700 Bonhomme Ave., Ste. 750
          St. Louis, MO 63105
          Telephone: 314.390.0234
          Facsimile: 314.485.2264
          justin@margulisgelfand.com
          *Counsel for Defendant*
          *Admitted *pro hac vice*

## Certificate of Service

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

**Margulis Gelfand, LLC**

 /s/ Justin K. Gelfand
JUSTIN K. GELFAND, #62265*
7700 Bonhomme Ave., Ste. 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*
*Admitted *pro hac vice*